CA 05 332L

AO 243 (Rev. 2/95)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

(If movant has a sentence to be served in the future under a federal judgment which he or she wishes to attack, the movant should file a motion in the federal court which entered the judgment.)

FILED AUG 02 2005 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

*Explanation and Instructions–Read Carefully*

(1) This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis,* in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

(7) When the motion is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is

(8) Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

CA 05 332 L

AO 243 (Rev. 2/95)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Of Rhode Island | |
|---|---|---|
| Name of Movant Esteban Carlos Leon | Prisoner No. | Case No. 03-00118-03L |
| Place of Confinement Low Security Correctional Institution Allenwood, P.O. Box 1000, White Deer, PA 17887 | | |
| UNITED STATES OF AMERICA V. Esteban Carlos Leon (name under which convicted) | | |

FILED AUG 02 2005 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

## MOTION

1. Name and location of court which entered the judgment of conviction under attack United States District Court, for the District of Rhode Island

2. Date of judgment of conviction June 23, 2004

3. Length of sentence 121 months

4. Nature of offense involved (all counts) Conspiracy to distribute and posses with intent to distribute in excess of 5 kilograms of cocaine 21 U.S.C. § 841(a)(1)A and § 846 count one. Count two, possesion with intent to distribute cocaine 21 U.S.C. § 841(a)(1) and (b)(1)(A).

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   Petitioner pled guilty to the counts of the indictment.

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐ N/A
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ N/A No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 243 (Rev. 2/95)

9. If you did appeal, answer the following:

(a) Name of court United States Court of Appeals for the First Circuit

(b) Result Appeal was voluntarily dismissed, due to counsel's deriliction.

(c) Date of result May 6, 2005

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court N/A

(2) Nature of proceeding N/A

(3) Grounds raised N/A

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ N/A No ☐

(5) Result N/A

(6) Date of result N/A

(b) As to any second petition, application or motion give the same information:

(1) Name of court N/A

(2) Name of proceeding N/A

(3) Grounds raised N/A

AO 243 (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ N/A No ☐

(5) Result N/A

(6) Date of result N/A

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc. Yes ☐ No ☐ N/A
(2) Second petition, etc. Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

N/A

N/A

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Ineffective Assistance of Counsel

Supporting FACTS (state *briefly* without citing cases or law): Counsel **failed** to properly investigate before inducing Petitioner into a guilty plea, **failed** to supress the recordings as requested by Petitioner, **failed** to file a brief on appeal, thereby depriving Petitioner of his right to appeal, Counsel induced Petitioner into a guilty plea that was neither knowingly nor voluntarily. Counsel **Failed** to advise petitioner of two diferent plea available. Counsel Failed to challenge on appeal the error of the Court When didn't ask

B. Ground two: Petitioner or cousel if they discuase the PSI as require by Rule 32

Supporting FACTS (state *briefly* without citing cases or law): N/A

C. Ground three: N/A

Supporting FACTS (state *briefly* without citing cases or law): N/A

AO 243 (Rev. 2/95)

N/A

D. Ground four: N/A

Supporting FACTS (state *briefly* without citing cases or law): N/A

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

This issues were not presented before, because ineffective assistance of counsel should be preserved for a collateral attack.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing Van L. Hayhow, 923 Washington Street, 2nd Floor, South Attleboro, MA 02703, (508)399-9200

(b) At arraignment and plea same

(c) At trial N/A

(d) At sentencing same

AO 243 (Rev. 2/95)

(e) On appeal same

(f) In any post-conviction proceeding N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future:
N/A

(b) Give date and length of the above sentence: N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐ N/A

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

7-15-2005
Date

Signature of Movant

CA 05 332L

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Esteban Carlos Leon<br>Petitioner | : | CRIMINAL NO.: 03-118-03L |
| | : | CIVIL NO.: ________ |
| v. | : | |
| UNITED STATES OF AMERICA,<br>Respondant. | : | |

FILED AUG 0 2 2005 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

PETITIONER'S AFFIDAVIT
IN SUPPORT OF MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE

NOW COMES Esteban Carlos Leon, Petitioner affiant in the above-captioned matter and hereby depose and say pursuant to 28 U.S.C. §1746, under penalty of perjury, the following:

1. I am the same Esteban Carlos Leon who was priviously "defendant" in the above-captioned case of United States of America v. Esteban Carlos Leon in the United States District Court of Rhode Island, case number 03-118-03L

2. I was represented by Van L. Hayhow, Esq., 923 Washington Street 2nd Floor South Attleboro, MA 02103.

3. During the case, I argued in many occasions with my Counsel because I always requested him to let me hear the recordings and to get me the transcripts of the recordings.

4. Counsel never got me the transcript with said transcript, and regardings we could prove that the Government induce me to an entrapment. We didn't have the quantity of money requested by the Government to buy 20 Kilograms of Cocaine. That's why the Government facilitate the transaction in order for us to get more Kilograms we can affort to get a sentencing enhancement.

5. The only money that we have was capable of covering the price of 7 Kilograms, that's what we agreed to. After my sentencing while incarcerated I receive through other resources the transcript that I requested my counsel to get. In sed transcript (now exhibit A) it's the evidence that we negotiate just 7 Kilograms of Cocaine. And the government enhance the quantity in other to get a Harsher Sentence.

6. Counsel for Petitioner was inneffective and didn't properly investigate neither requested the transcripts of the recordings.

7. Under counsels advise I pled guilty to conspiracy and to a 30 Kilograms of Cocaine as drug quantity even knowing that the quantity was not correct.

8. Before sentencing I requested counsel HayHow to object to the drug quantity and to file a motion under 2D1.1 for a down departure base on note 12 and 14. Counsel never did. He instead filed a downward departure base on 5k2.

9. On June 23, 2004 I was sentenced. At sentencing the court never asked me if I have review my presentence report which I didn't. My counsel never showed me my presentence report. I would've objected to the presentence report. I would've requested a reduction based on 2D1.1 note 12 and 14 as I requested counsel to do. the downward departure motion filed by counsel on his own was denied because it was just one month of diference. I was then sentenced to 121 month's of incarceration.

10. After sentencing I requested my counsel to Appeal because the Judge didn't ask me if I read or reviewed my presentence report, which I didn't. It was never presented to me by counsel. And I wanted to argue for a downward departure base on 2D1.1 note 12 and 14.

11. Feeling that my counsel was not going to Appeal I filed a pro se notice of Appeal timely. Counsel HayHow never communicated with Petitioner after sentencing. Counsel was retained after sentencing but I didn't want this counsel to represent me any more.

12. On August 26,2004 I filed a motion in order to have counsel HayHow withdraw from my Appeal. Counsel Hayhow enter one default to the Court in few occations and didn't wanted to represent me. But never communicated with me as the Court order in order to withdraw from the case.

13. Finally counsel HayHow filed the docketing statement requested from the court. He filed it on September 22, 2004. After recovering all transcripts and documents from the court. Counsel was requested to file a brief on Appeal by December 20, 2004.

14. The court served two notice of Default to Counsel HayHow and as he did when I requested him to get the transcripts of the recordings as he did when I requested him to file a motion under 2D1.1 note 12 and 14 as he acted when he didn't review with me the presentence report. He was doing now with the court of Appeal with the same deriliction the same disregard to petitions made by client and then by the court. There is no doubt that Counsel HayHow has been ineffective and said ineffectiveness has prejudice petitioner that haven't been able to have a correct representation as required by the sixth amendment of the Constitution.

15. Petitioner have no option to request the dismissal of his Appeal and proceed under 28 U.S.C. §2255 against his Counsel.

16. Upon information and belief Counsel didn't file an Appeal because he knew that he didn't properly investigate before inducing me to a guilty plea that set a drug quantity much higher than which the money occupied was

capable of buying. Counsel ignored my request of trancripts and the hearing of tapes recordings. Counsel knew that he failed to object at sentencing when the Judge didn't ask me if I have seen and reviewed the PSI as requested by law.

17. By counsel failing to file an Appeal on its merit I lost my ability to protect my vital interest of stake. That is, I was unable to demonstrate through the Appellate process that the court abuse of its siscretion where at sentencing didn't comply with Rule 32 and didn't ask me if I review or was presented with PSI by my counsel. I lost the opportunity to demontrate by the Appellate process that I was accountable for a Lower drug quantity. Therefore I should not have been adviced to plea guilty to 30 Kilograms of Cocaine.

18. It is my understanding and the Appellate docket report support my assertions that counsel never properly advocate for me. I never received the benefit of a Lawyere's services in constructing potential Appellate arguments. I will respecfully request this court to Vacate, set Aside or Correct my sentence.

AFFIANT FURTHER SAYETH NAUGHT

Done this 15 day of July, 2005

Respectfully Submitted,

Esteban Carlos Leon
REG.NO. 05390-070
LSCI Allenwood
P O Box 1000
White Deer, PA 17887-1000

UNITED STATES DISTRICT [CA] 05 332L

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Esteban Carlos Leon<br>Petitioner, | : | CASE NO.: 03-00118-031 |
| | : | CIVIL NO.: ________ |
| v. | | |
| | : | |
| UNITED STATES OF AMERICA,<br>Respondant. | : | |

FILED AUG 02 2005 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

**PETITIONER'S PRO SE**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**TO VACATE, SET ASIDE OR CORRECT SENTENCE**
**UNDER 28 U.S.C. §2255**

NOW COMES Esteban Carlos Leon, Petitioner Pro Se, in his motion to vacate, set aside or correct sentence under 28 U.S.C. §2255, and hereby respecfully request this Honorable Court for relief herein based upon the following:

**I. CASE HISTORY**

Petitioner along with Co defendants, Juan A. Miranda, Nidio Jimenez, Silvio De Jesus Payero, was indicted by a District Court of Rhode Island Grand Jury on December 17, 2003 charging him with conspiracy to possess with intent to distribute in excess of five kilograms fo cocaine. Count one and attempt to possess with intent to distribute in excess of five kilograms of cocaine, count two.

On April 6 2004, Petitioner pled guilty under counsels advise to counts one and two of the indictment. Petitioner asserts that he insisted before pleading for his counsel to request the transcripts and recordings that the prosecutor said they have. Counsel never gave those transcripts and never heard those tapes with petitioner.

Petitioner asserts that he requested counsel to supress the tape recordings because petitioner knew that they didn't have the money to buy the quantity of drugs offered by the CI and the agents. They only have money for seven kilograms of cocaine. And in one of the meetings this issue was discuss. Petitioner wanted to know which of the transcripts or tape contained this information.

Counsel for petitioner instead induced petitioner into a Guilty plea with out preserving the right for a Supress motion of the recordings. He stated that he will file a 5k2 motion and will have defendants sentence reduced.

Before sentence counsel advised petitioner that he will file the motion under 5k2 motion that he offered and that he won't present any objections to the presentence report. Petitioner was never presented with the presentence report and was never allowed to review it.

At sentencing on June 23, 2004 the Court didn't inquire personaly with petitoner neither with counsel as to whether petitioner had the chance to read the presentence report or not. **(SEE EXHIBIT B)** Counsel for petitioner didn't even advise the court as to this issue, he just try to make a fruitless effort with a 5k2 motion.

After sentencing petitioner requested his counsel to appeal the sentence. Counsel said he will appeal but if it wasn't for petitioners diligence to file a pro se notice of appeal the appeal time would pass by because counsel HayHow didn't appeal.

Petitioners appeal was docketed and counsel HayHow was orderer by the court of appeal to continue petitioneres representation until the court named a New counsel if requested by petitioner. **SEE DOCKET REPORT ON APPEAL. (EXHIBIT C)**

Counsel HayHow entered in default with the court of appeal in two occations at the begining of the appeal. He didn't want to represent petitioner and file a motion to withdraw which was denied by the court. Under the courts pressure counsel file a case statement ot the court but later on he was supposed to file a brief on its merit or a **ANDERS V. CALIFORNIA** brief. But counsel never did. He entered in default with the court a few more times.

Petitioner had to communicate with the court to know the status of his appeal. There petitioner acknowledge of the negligence of his counsel that started way back before the plea agreement and then on appeal didn't change. Based on all the deriliction of counsel HayHow and the lack of interest to properly represent petitioner; Petitioner requested on April 15, 2005 a dismissal of his direct appeal in order to file a motion to **Vacate, Set Aside or Correct sentence under 28 U.S.C. §2255.** This request was accepted by the court of appeal on 5/6/05 and petitioners appeal was voluntarily dismissed.

Petitioner asserts that he will prove his counsel ineffective assistance with the transcripts of the recording which petitioner finally adquire through other Co defendant will prove counsel ineffectiveness with the sentencing transcripts and the docket report on appeal. Petitioner asserts that counsels errors prejudice petitioner who would be able to domonstrate that he was accountable for a less amount of drug. If it wasn't for counsel ineffectiveness and lack of investigation, there was probability that petitioner would qualify for a downward departure base on **NOTE 12, 14, AND 15 OF THE GUIDELINES,** if counsel would have investigated. Therefore petitioners sentence should be **Vacated, Set Aside, or Corrected.**

**II. ISSUE**

Petitioner assets that the sole issue that he will presented is if whether counsels failure to follow petitioners request of the recordings tapes on

transcripts in order to present a suppression motion whether counsel's failure to object to the courts failure to inquire personaly with petitioner if he read the presentenced report. If counsel's lack of interest and deriliction in petitioners appeal constitute per se ineffective assistance of counsel.

**III. CASE LAW**

The **Sixth Amendment** to the **United States Constitution**, clearly provides a right to have the assistance of counsel in all criminal prosecutions. The evaluation for determining whether an individual fell victim to ineffective assistance of counsel was fully addressed in **Strickland v. Washington, 466 U.S. 688, 105 S,CT. 2052, 80 L. ED. 2d 674 (1974),** where the court held that a defendant asserting an ineffective assistance of counsel claim, must meet the following two prong test:

**(1)** The defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the **Sixth amendment.**

**(2)** The defendant must then show the deficient performance prejudiced the defense. This requires a showing that counsel made errors so serious as to deprive the defendant of a fair trial.

According to **Strickland, " a convicted defendant making a claim of ineffective assistance of counsel, must, identify the acts or the omissions of counsel that (were) not the result of reasonable and profesional judgement." Strickland, Supra, 466 U.S. at 695.** As in the present case, the petitioner was denied the right to effective assistane of counsel through out the remaining judicial process. The right to effective assistance of counsel does not end at the conclusion of trial, but, continues through out the remaining phases of the process. It is without question that the right to effective assistance of counsel includes, **Trial, Sentencing, and Direct Appeal, see: Strickland,**

Supra.

The purpose of the **Sixth Amendment** guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceedings. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance of counsel in certain **Sixth Amendment** cases, as will be established in the present case, prejudice must be presumed. In the context of actual or constructive denial of the assistance of counsel, it is legally presumed to result in prejudice. In **Childress v. Johnson, 103 F. 3d 1221 (2d. Cir. 1977)** , the Court held that: " A constructive denial of counsel occurs in only a very narrow spectrum of cases where the circumstances leading up to counsel's ineffectiveness are so egregious that the defendant was denied any meaningful assistance at all."

In the present case it is well settled that individuals convicted in the Federal District Courts, have a Constitutional right to appeal there convictions. See: **Coppedge v. United States, 369 U.S. 438, 62 S.CT. 917, 8 L. ED. 2d. 21 (1962). also, Peavy v. United States, 31 F. 3d. 1341 (6th. Cir. 1994) as noted:**

"The proper procedure by which to challange a Federal conviction is pursuant to **28 U.S.C. §2255**, which provides in pertinent part:
Unless the motion, records and files of the case conclusively show that the prisoner is entitled to no relief, the Court shall cause notice thereof to be served on the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings fo fact and conclusions of law with respect thereto."

Therefore, without **Strickland**, there would be no question about it, in a nut shell, it is undisputed that the right to effective assistance of counsel includes all stages of the criminal judicial process.

The failure of counsel to object to an improper application of the Sentencing Guideline, may amount to ineffective assistance of counsel. **See: United States v. Headley, 923 F 2d 1079 (3rd. Cir. 1991): also, United States v. Kissick, 69 F. 3d 1048 (10th. Cir. 1995): and, Auman v. United States, 67 F. 3d 157 (8th. Cir. 1995).**

The defendant, **Esteban Carlos Leon**, also concedes that ineffective assistance of counsel claims are not generally entertained on direct appeal. **See: United States v. Theodoropoulas, 866 F. 2d 587 (3rd. Cir. 1989).** However, defendant **leon**, brings to this Court's attention, that there is a norrow exception to the rule that defendant's cannot attack the afficacy of their counsel on direct appeal. Where the record is sufficient to allow determination of ineffective assistance of counsel, and **Evidentiary Hearing** to develop the facts is not needed.

Int the case at bar, the petitioner contends that his contention is that is a further need to develop factual arguments. There is a reasonable probability that, but for counsel's un-professional errors, the results of the proceedings would have been different. **See: Strickland b. Washington, 694, 104 S Ct. at 2068.**

The fact that a defendant and his counsel may have discussed issues contained in the defendants presentence report is insufficient to comply with rule which requires a District Court before imposing sentence to verify that the defendant and his counsel have read and discussed the presentence report. There must be evidence on the record that the defendant and his counsel have read and discussed the report. **Federal Rules of Criminal Procedures, Rule 32 (c)(3)(a) 18 U.S.C.A. See: United States v. Osborne, 291 F3d 908 (6th Cir. 2002).**

When a District Court does not comply with rule which requires a District Court before imposing sentence to verify that defendant and his counsel have read and discussed the presentence report filed in the defendants case, the defendants sentence must be **VACATED, AND THE CASE MUST BE REMANDED FOR RE-SENTENCING.** **See: United States v. Osborne, 291 F3d 908. See also, United States v. Duran Mercado, 84 Fed. Appx. 773 (9th Cir. 2003). United States v. Sustaita, 1 F.3d at 954, United States v. Martinez Rebollo, 84 Fed Appx. 367.**

**IV. APPLICATION**

In the instant case, petitioner asserts that counsel HayHow was ineffective and commit errors so serious that petitioner felt that was a burden and with out the proper representation required by the **Sixth Amendment**. To prove the first prone of **STRICKLAND**, petitioner will state as follow:

Counsel HayHow fail to require from the prosecutor the correspondant transcripts of the tape recordings. Petitioner did require this transcripts because petitioner knew that the drug quantity allege by the government was not the drug that they have money available to buy. **(See Exhibit A )**

Counsel instead induce petitioner into a plea bargain stating that he will argue the minor role participation on behalf of petitioner which will reduce his sentence. He also said that the request for family circumstances will help him more than the issue of the drug quantity. **Griffin v. United States, 109 F.3d 1217 (9th Cirl 1997).**

At the sentencing petitioner acknowledge that none of the promises of the counsel were fulfilled. Counsel didn't request a minor participation role and the 5k2 motion was denied because it will only reduce petitioners sentence just one month.

Counsel for petitioner never told petitioner that there was a plea offer by the government. Petitioner acknowledge of said offer when he requested the file from counsel. **(See Exhibit D ),** In said letter counsel correctly advised

the court the due to the language barrier the can't communicate clearly with petitioner.

Petitioner asserts that counsel was ineffective when he didn't file a notice of appeal under petitioners request. Petitioner had to file a notice of appeal Pro Se. The court of appeal advised counsel HayHow that he was suppose to continue my representation until the court dicide otherwise. withstanding, counsel never filed an brief on its merit. **(See Appeal Docket).**

"Defendant is denied opportunity to have lawyer represent him on direct appeal where lawyer either fails to file any appeal at all or files appeal but then takes no action to prosucute appeal ignores Court orders and advise defendant to dismiss appeal and instead to file nonexistent motion." **Griffin v. United States, 109 F.3d 1217 (7th Cir. 1997).**

In the instant case petitioner was denied effective assistance when counsels deriliction forced him to dismiss his appeal. With an effective counsel petitioner would be able to demostrate that the District Court failed to inquire whether petitioner reviewed his presentence report. Counsel didn't challenge the contitutionality of petitioners prior conviction that deprived him of a safety valve provision. Therefore petitioner beliefs that counsels errors amount for ineffective assistance of counsel.

Petitioner will prove the second prong of **Strickland.** Petitioner was prejudiced by counsels wrong doing. If petitioner would be able to demonstrate through the review of the transcripts that he was accountable for less quantity of drug he would be able to benefit of the provision of **Guidelines 2D1.1 Note 12,14,15.** Petitioner entered into a blind plea induced by counsels promise of minor role participation and downward departure for family circumstances but never advised petitioner that it was up to the Court to grant relief and due to petitioners un- challenge prior comviction he wouldn't benefit any way of the minor role. But petitioner was not advised by counsel. Petitioner

now knows that counsel betraye his confidence. Petitioner requests a hearing where he can prove his claim.

**V. CONCLUSION**

Finally petitioner will request this Honorable Court to entertain his claim for ineffective assistance of counsel. Counsel was ineffective through out the entire case and when the Court of appeal gave him the opportunity to ammend him wrong doing counsel ignored the Court of appeal orders. Petitioner believes that he is entitle to a hearing where petitioner can express the things that counsel told him in order to have him accept a guilty plea, the unfulfill promisess of counsel and the aparently lack of knowledge of the appeal procedure prejudiced petitioner. Petitioner will request this Honorable Court to **Vacate, Set Aside or Correct Sentence.**

**VI. RELIEF SAUGHT**

Petitioner **Esteban Carlos Leon,** respectfully requests this Honorable Court for the following relief.

**A)** An **ORDER** remanding petitioner to the District Court for an evidentiary hearing where petitioner can test the truth as to whether petitioner requested counsel to supress the tape recordings and transcripts.

**B)** An **ORDER** remanding Petitioner where petitioner can test the truth as to whether he was wrongly advised by counsel of the minor role and 5k2 motion.

**C)** An **ORDER** remanding petitioner to the District Court to test the truth as to whether or not petitioner specifically requested counsel to appeal.

**D)** If said evidentiary hearing is **ORDERED** because a further factual inquiry is necessary to resolve this claim pursuant to this Circuit's declaration in **Murchu v. United States, 926 F.2d 50 (1st Cir. 1991),** Petitioner is respecfully requesting appointment of counsel pursuant to 18 U.S.C. §3006A(2)(b), or

E) Any other further relief that this Honorable Court deems just and appropriate and in the interest of justice.

Finally, in addition to the above requested relief, petitioner respecfully submits that he is entitled to five procedural protections when bringing a habeas corpus action in forma pauperis. They are:

1) Process issued and served;

2) Notice of any motion thereafter made by Defendant/Respondant or the Court to dismiss the complaint and the grounds therefore;

3) An opportunity to at least submit a written memorandum in opposition to such motion;

4) In the event of dismissal, a statement of the grounds therefore; and

5) An opportunity to amend the complaint to overcome any deficiency unless it clearly appears from the complaint that the deficiency cannot be overcome by amendment. **Noll v. Carlson, 809 F.2d 1446 (9th Cir. 1987)**; See also Federal Rules of Civil Procedures 15(a)(habeas corpus petitions may be "amended or supplemented as provided in the rules of procedure applicable to civil actions"); **Littlejohn v. Artuz, 271 F.3d 360, 363 (2nd Cir. 2001).**

**Done this 15 day of July, 2005.**

Respectfully Submitted,

Esteban Carlos Leon - Pro Se
LSCI Allenwood
P O Box 1000
White Deer, PA 17887-1000