**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ESTEBAN CARLOS LEON** | : | |
| **PETITIONER** | : | **CASE NO. 05-332L** |
| | : | |
| **V.** | : | |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| **RESPONDENT** | : | |

**MOTION IN REPLY**
**TO THE GOVERNMENT'S OBJECTIONS**
**TO PETITIONER'S MOTION UNDER**
**28 U.S.C. §2255**

NOW COMES Esteban Carlos Leon, Petitioner pro se in the above captioned case. And Reply to the Government Objections to Petitioner Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. §2255. Petitioner asserts that the Government's answer should not persuade this Honorable Court for the following reasons:

1) Petitioner file a §2255 Motion on July 15,2005, This Honorable Court after evaluating the record, determine that the motion, should not be dismiss, and requested Government to respond. Government after three request for extension of time un-oppose by Petitioner, file its answer on November 16, 2005. But Government make some mistakes mailing the Petitioner's copy and it was not until November 29 that Petitioner received his copy. Now Petitioner replys.

**ARGUMENT**

The Government in their response,states that Petitioner's PSI at seven states that he is Criminal History Category I. And that is not

true. First of all the category is II thanks to Counsel's Ineffectiveness. And it is not stated at Page 7. Probably the Government was looking into other PSI. (Government Response Page 1, from now on GR.).

Government is correct when it states that Petitioner didn't objected to the PSI. That's one of the ineffectiveness of Counsel Hayhow. The Government also states on page 3 footnote 1 of their response. That the challenge of the constitutionality of the prior offense should not be consider by the Court. The Government is wrong.

The Government makes allegations that Petitioner was not prejudice even if the Court finds that Counsel Hayhow was Ineffective (See G-R. page 11,14 Second prong).

And in order to demostrate prejudice petitioner submits that his sentencing range, was held on 34, base on the 30 kilograms drug quantity found by the PSI as the Government clearly states on its response page 1. Petitioner is clarifying that the quantity that his co-defendant initially told the CI that he can buy was seven. And that was the deal. It is verbaly recorded, their are transcripts that adduce to it. And Counsel Hayhow, never gave this recordings to be heard by Petitioner. The Goverment should not forget, when trying to mislead the Court. That Petitioner was in Jail. That in order for the Counsel to give this recordings to Petitioner it was only through the controled procedures of the institution where Petitioner was held. Therefore, record, would exist if Counsel Hayhow would play the recordings to Petitioner.

Petitioner is not saying that the Government didn't comply with Brady rule. Petitioner was clear in his allegations in his affidavit in support of his motion item #3. That his Counsel never play the recordings to him and didn't gave him the transcripts.

This action cause that Petitioner fail to supress, such recordings in order to demonstrate that the drug quantity was suppose to be held in a 5 to 15 range. This would give Petitioner a Level 32 and with the three points reduction will be 29.

However if the Court entertain the prior offense issue. This Court will see that Petitioner's prior is a totally probation without Jail time. And it was requested to be revoke by the New York City Department Of Probation, on 4/12/04. The Pre-sentence Report was prepare on May 18, 2004, there is no indication in the PSI that the Probation Officer contact the New York State Court in order to verify what Petitioner, honestly told them about the Probation. (See Exhibit A of this reply).

If Counsel would objected to the PSI. At least he would found out that Petitioner's probation was revoked and that new sentence, was not pronounce yet before the Federal sentence. This is an issue that was suppose to be investigated by Counsel, because it was on Petitioner favor, that would granted, a safety valve benefit.

Therefore without the proper investigation of this issue, the Government can not say that Petitioner suffer no prejudice with Counsel's wrong doing.

The Court didn't comply with Rule 32(c)(3)(a).

The Government allege that Petitioner can not show prejudice as to this issue. Petitioner asserts that if the Court would inquire as to whether Petitioner review the PSI. Petitioner would state that he requested Counsel to object, base on the prior offense information. In Sheppard 161 L Ed. 205. The Supreme Court stated that the Sentencing Court cannot rely in the PSI information without the proper examination of the charging papers. Because this case has already preclude the PSI from the use of Police information alone. It is Petitioner's belief, that it will also preclude, the information if is obtain through the interview with defendant alone. (See also **U.S. V. GARZA LOPEZ 410 F 3d 268 (5th Cir. 2005))**.

Otherwise it is to believe that if Petitioner would say that he has no prior offense, the PSI would adjust his criminal history category to I, only with his information. Therefore objections to the PSI would be proper and Counsel fail to object as the Court fail to inquire if Petitioner read and review the PSI.

## COUNSEL ENTER IN DERELICTION WITH PETITIONER'S APPEAL

The Government trys to persuade this Honorable Court, that Counsel was not ineffective when fail to submit a brief on behalf of Petitioner on appeal. Because Petitioner. Apparently agreed because withdrew his appeal. (G-R page 10).

That's not true. Petitioner didn't agree with Counsel. Counsel was ineffective and the Court of Appeal was generous enough to advise Petitioner, of Counsel's, defaults to the Court. Counsel demonstrate that he was not propare to persue an appeal and fail even to properly file a withdraw. The record on appeal is clear, and complete. Been the case that Petitioner's time to file a §2255 was getting closer, Petitioner decided to file a §2255, that's why he dismiss his Direct Appeal. Not because he agreed with Counsel's ineffectiveness.

It is rare that Petitioner submit an affidavit under penalty of perjury in support of his allegations; but the Government didn't requested Counsel Hayhow to submit an affidavit to rebute or affirm, Petitioner's claim. How can the Government prove that Petitioner didn't request Counsel to suppress the audio tapes, without an affidavit or a hearing? How can Government verify if Petitioner requested Counsel to object to the PSI information if a hearing is not requested?

## CONCLUSION

In conclusion Petitioner believes that the Government fail to properly oppose, Petitioner's request for a hearing, where the facts supporting Petitioner claim, can be properly address. All the Court have now under consideration is a record that is clear and the Government can not rebute. That Counsel Hayhow fail as an advocator for Petitioner.

1) It is true and clear on record that Counsel didn't object to the PSI.

2) It is true and clear on record that the Sentencing Court didn't comply with Rule 32(c)(3)(a).

3) It is clear on record that the Court rely on the PSI information, and daid information was never corroborated with the State Court records. Otherwise the Government would acknowledge that said probation was order revoke since April 2004.

4) It is clear on record that Government never requested Counsel to answer Petitioner's claim through an affidavit.

5) It is clear that Counsel didn't play the tape recordings to Petitioner, neither gave him the transcripts. And it was Counsel negligence, he cause the Government allege that they did gave that evidence to Counsel for defendant.

Therefore, a hearing should be held where, Petitioner's claim should be address. Accordingly, Petitioner's sentence should be Vacate, Set Aside or Corrected.

Respectfully Submitted

[signature]

Esteban Carlos Leon
Reg. No. 05390-070
LSCI ALLENWOOD
P.O. BOX 1000
WHITE DEER, PA 17887

Done this 7 day of December, 2005.