**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ESTEBAN CARLOS LEON** | : | |
| **PETITIONER** | : | **CASE NO. 05 332 L** |
| | : | |
| **V.** | : | |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| **RESPONDENT** | : | |

**NOTICE OF APPEAL**
**AND REQUEST FOR**
**CERTIFICATE OF APPEALABILITY**

COMES NOW, Esteban Carlos Leon, Petitioner ("Appellant") pro se and hereby respectfully serves notice that he appeals that certain final Judgment motion to vacate filed on January 25, 2006, and memorandum and order file on January 25, 2006. Apparently the Court didn't receive or review the objections on Reply to the Government's answer to his claim. Both final order and memorandum are finals for purpose of appeal. This appeal is timely taken pursuant to Federal Rules of Appellate Procedure 4(a)(1)(B) and 22.

**REQUEST FOR CERTIFICATE OF APPEALABILITY**

Appellant is entitle to a Certificate of Appealability ("COA") pursuant to **Slack v. McDaniel, 529 U.S. 473, 146 L Ed. 2d 542, 551 (2000).** in which the Supreme Court held:

> ...[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

And, as though the foregoing was not clear enough, the Supreme Court went on to further states and clarify that **"[i]n setting forth the preconditions for issuance of a COA under §2255(c), Congress expressed no intention to allow trial court procedural error to bar vindication of substantial constitutional rights on appeal."** The Court's subject Final Judgment and subsequent Order fall squarely within the foregoing slack holding, since the Court dismissed Appellant's §2255 without reaching his **"underlying constitutional claim."**

The grist for the slack requirement above that a COA be issued by the District Court if jurists of reason would find it debatable whether or not Appellant stated a valid constitutional right, and whether this Court was correct in its procerul ruling is irrefutably manifested in a recent Third Circuit case, U.S. v.-Brooks, 230 F. 3d 643, 646 (3rd. Cir. 2000).

In the instant case there are few issues that a jurists of reason would find debatable, it had been already address by the First Circuit and other Circuits.

Counsel for petitioner was ineffective where fail to object the District Court's failure to ask if petitioner had review his PSI with counsel, obviously there is a violation of rule 32(c)(3)(a). If the Court would ask, would find out that petitioner advise his counsel to object to the PSI information of his criminal history that was obtain from the petitioner's interview, not from the charging papers as in Sheppard 161 L Ed. 205; also U.S. v. Garza Lopez 410 F. 3d. (5th. Cir. 2005). Petitioner's constitunional rights where violated.

Counsel for Petitioner did not disclose the entire discovery to Petitioner before plea, despite Petitioner's constantly request of the recordings and transcripts of said recordings in order to establish that there was evidence only for seven Kilograms of cocaine and not for 30 as the Counsel induce Petitioner to plea to.

There was a big difference in the final sentence as Category I that would allowed Petitioner to benefit form the safety valve of Counsel would challenge and properly investigate Petitioner's probation that was revoked before Federal Sentencing, and was re-sentence after Petitioner's Federal Sentence but neither the PSI, nor Counsel investigate with the State Court. Instead Petitioner was sentence as Category II just with his own information provide to the PSI.

Counsel was ineffective where fail to properly prosecute, petitioner's appeal, while petitioner assumed the appeal was being prosecuted. (See Jose M. Hernandez v. U.S.A., 202 F 3d 486). It was not until petitioner under due diligence communicate with the

Court of Appeals that found out about Counsel's abandoment. Therefore Petitioner decide to pursue a §2255.

Petitioner believes that, the District Court has not properly address, the issues raise by Petitioner in his motion to vacate. Despite Petitioner's, arguments regarding, conversations not contained in record, as Counsel, Client conversations. The Government didn't obtain an affidavit, from Counsel, denying or admitting Petitioner's allegations. Petitioner's believes that his §2255 motion was not properly, address, therefore, request for a Certificate of Appealability.

Accordingly a Certificate of Appealability should be issue.

Respectfully Submitted

Esteban Carlos Leon
Reg. No. 05390-070
LSCI ALLENWOOD
P.O. BOX 1000
WHITE DEER, PA 17887

Done this 26 day of Febrvary, 2006

# PROOF OF SERVICE

I certify that on 2/26/2006 (date) I mailed a copy of this brief and all attachments via first class mail to the following parties at the addresses listed below:

U.S. DEPARTMENT OF JUSTICE
U.S. ATTORNEY
DISTRICT OF RHODE ISLAND
FLEET CENTER
50 KENNEDY PLAZA, 8TH FLOOR,
PROVIDENCE, RI 02903

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 2/26/06 (date) for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

Signature

ESTEBAN CARLOS LEON
REG. NO. 05390-070
LSCI ALLENWOOD
P.O. BOX 1000
WHITE DEER, PA 17887

Dated: 2/26/2006